UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDERICK FISHER,

    Plaintiff,                       CASE NO: 08-CV-10046

v.                               DISTRICT JUDGE GEORGE CARAM STEEH
                                   MAGISTRATE JUDGE CHARLES E. BINDER

THOMAS BELL, Warden,
MARY JO PASS, Deputy Warden,
PEGGY BOURNE, ADW of Housing,
DONALD ANDISON, RUM,
HUMBERTO F. NAGERA, ARUS,
DAVID DULWORTH, ARUS,
JANE DOE,[1]

    Defendants.
_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1)**


**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** as to Defendants Bell, Pass, Bourne, and Dulworth with prejudice for failure to state a claim upon which relief can be granted. It is further recommended that the case be allowed to proceed as to Defendants Andison, Nagera, and Jane Doe (RUO Mary).


**II.    REPORT**

    **A.    Introduction**

---

[1]This Defendant is referred to as "RUO Mary" in the text of the Complaint and will be in this Report as well.

Plaintiff Frederick Fisher is a state prisoner who is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, under the direction of the Michigan Department of Corrections ("MDOC"). On January 3, 2008, Plaintiff filed this *pro se* civil action. (Compl., Dkt. 1.) Plaintiff filed an application to proceed without prepayment of fees pursuant to the *in forma pauperis* ("IFP") statute on that same date. (Dkt. 2.); 28 U.S.C. § 1915(a)(1). IFP status was granted and the Marshals were directed to serve process on January 11, 2008. (Dkt. 3, 4.) The case was referred to the undersigned magistrate judge for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) on January 15, 2008. (Dkt. 6.) After having reviewed the dockets and having screened the complaint, I find that the case is ready for Report and Recommendation.

**B.    The Complaint**

Plaintiff complains that due to prison overcrowding, the MDOC has begun to improperly "double-bunk" handicapped individuals with homosexual predators and violent persons. (Compl., Dkt. 1 ¶ 16.) Plaintiff alleges that he "has been threatened almost on a daily basis, he has had everything that he has had in prison STOLEN, or JUST TAKEN BY FORCE FROM HIM BY THESE FOUL GERIATRICS HOMOSEXUAL PREDATORS, and VIOLENT PRISONER'S That have been ASSIGNED TO HIM BY THE DEFENDANT'S." (*Id.* ¶ 17.) Plaintiff avers that his Eighth Amendment rights have been violated by the deliberate indifference of Defendants. (*Id.* ¶ 18.)    Plaintiff further avers that the "last straw" occurred on November 13, 2007, when Defendant RUO Mary (Jane Doe) placed a homosexual predator[2] named Emic[3] in his cell over his protestations. (*Id.* ¶ 19.) Although Plaintiff told Defendant RUO Mary that he had "already had

---

[2] I note that inmate Emic is likely not a "designated homosexual predator" because under MDOC policy, once so designated, the prisoner may not be placed in a double-bunked cell. MDOC Policy Directive 05.01.150.

[3] At times, this prisoner is referred to as Emig. For purposes of this Report, they may be considered interchangeable.

2

some bad words with EMIC, and that EMIC was A HOMOSEXUAL PREDATOR," Defendant RUO Mary responded that Emic "LIKES YOUNGER MEN" implying that since Plaintiff is elderly, he had nothing to fear. (*Id.*) Beginning on November 14, 2007, Emic was moved into Plaintiff's cell and for the succeeding four nights, Emic "[t]his HOMOSEXUAL PREDATOR tried nightly to talk Plaintiff into having sex with him" but Plaintiff refused. (*Id.* ¶ 20.) Since Emic was Plaintiff's "geritaic [sic] assistant," Emic was required to go everywhere with Plaintiff. (*Id.* ¶ 21.) Apparently the cell-mate of an elderly or handicapped inmate becomes the geriatric or disability assistant of that person and is required to walk with that person, clean and mop the cell, make the bed, etc. (*Id.* ¶ 22.) On November 17, 2007, Plaintiff told Emic that he was going to try to get Emic removed from his cell and later that day, prisoners Emic and Darr told the prison officials that Plaintiff had stowed a razor blade under his mattress. (*Id.*) A razor blade was found under Plaintiff's mattress and Plaintiff spent eleven (11) days in segregation as a result of this charge before he was found not guilty of the misconduct. (*Id.* and Ex. D at 9.) The hearing officer found Plaintiff not guilty because he concluded that the dispute between Emig and Plaintiff likely caused Emig to create this situation. (*Id.*) Plaintiff complained to the Warden and others about these events. (*Id.* ¶¶ 29-31.) Defendant Pass responded to Plaintiff stating that they "DO NOT MAKE IT A PRACTICE OF LETTING YOU PICK YOUR BUNKEES." (*Id.* ¶ 38.) Plaintiff avers that "[t]his shows the mentality of Mary Jo Pass, a Homosexual Lesbian her self, who should never have a job over Men in prison, because she HATES MEN to begin with." (*Id.*) Plaintiff states that he has exhausted administrative remedies. (*Id.* ¶ 38.)

Plaintiff contends that Defendant Nagera retaliated against him in violation of his First Amendment rights because three days after Plaintiff told Defendant Nagera that he was going to file a lawsuit regarding the placement of homosexual predators in his cell, and that if the lawsuit

were successful, Plaintiff could attach Defendant Nagera's real property to satisfy the judgment, Defendant Nagera filed a major misconduct report against Plaintiff for insolence. (*Id.* ¶ 39 and Ex. J.)

Plaintiff further contends that Michigan's felony torture law, MICH. COMP. LAWS § 750.85 or 750.1-586, was violated by the mistreatment alleged in his complaint, and that the Defendants should be sentenced to "LIFE" for violation of that act and that Plaintiff should be compensated for the time spent in segregation. (*Id.* ¶¶ 40-44.) Plaintiff attaches an affidavit to the Complaint that will be addressed below.

### C. Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915(e), when a plaintiff (prisoner or not) seeks IFP status, the court "shall dismiss the case at any time if the court determines that...the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In addition, the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The screening process requires the court to "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Since Plaintiff has applied for IFP status and is suing governmental employees, both of these provisions apply. 28 U.S.C. § 1915 and 1915A.

Similarly, under the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, the court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim

and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

**D.     Discussion**

**1.     Personal involvement - Defendants Bell, Pass, Bourne, and Dulworth**

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The same analysis applies to federal actors under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971); *Baranski v. Fifteen Unknown Agents*, 452 F.3d 433, 438 (6th Cir. 2006)(en banc). I suggest that any claim against Defendants Bell, Pass, Bourne, and Dulworth should be dismissed because Plaintiff has failed to allege any specific conduct on the part of any of these Defendants. "§ 1983 liability must be based on more than respondeat superior, or the right to control employees. Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999), quoting *Hays v. Jefferson County, Ky*, 668 F.2d 869, 874 (6th Cir. 1982). In order to state a claim Plaintiff must allege that each of these supervisory Defendants made a deliberate choice among various alternatives and that the policy caused the injury. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1997); *Starcher v. Correctional*

*Medical Services*, 7 Fed. Appx. 459, 465 (6th Cir. 2001). Here, Plaintiff has alleged only that each of these Defendants had a duty to protect the elderly and handicapped from homosexual predators and to "see that ARF Facility officials and staff protect and safe-guard the ELDERLY HANDICAPPED CHRONIC CARE PRISONER'S and to see that nothing happens to them." (Dkt. 1 Compl. at iii; Dkt. 1 Affidavit, ¶ 3 (Pass), accord, ¶ 4 (Bourne), ¶ 7 (Dulworth), ¶ 2 (Bell).) Plaintiff has not alleged that any of these Defendants made a policy choice or even that any of them "'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007), quoting *Taylor v. Michigan Dep't of Corrs.*, 69 F.3d 76, 81 (6th Cir. 1995). Therefore, I suggest that Plaintiff has not stated a claim against Defendants Bell, Pass, Bourne, or Dulworth. *Shehee, Petty, Pembaur, and Starcher supra.*

On the other hand, Plaintiff has alleged personal involvement on the part of Defendants Andison, Nagera, and Jane Doe (RUO Mary) and, as discussed below, I suggest he has alleged sufficient facts to survive the screening process.

2.      **Eighth Amendment - Defendants Jane Doe (RUO Mary) and Andison**

"Prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). "Nonetheless, not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson*, 148 F.3d at 600. *Accord Farmer*, 511 U.S. at 834. "A prison official violates the Eighth Amendment only when . . . [f]irst, the deprivation alleged must be, objectively, 'sufficiently serious' [and] [s]econd, when the offending conduct itself is not a criminal penalty. It is the 'unnecessary and wanton' infliction of pain that implicates

7

the Eighth Amendment . . . [t]hus, a prison official will be liable under the Eighth Amendment for failing to protect an inmate only if the official acted with 'deliberate indifference.'" *Davis v. Brian*, 1999 WL 503522, *3 (6th Cir. July 9, 1999) (unpublished) (internal citations omitted). "Obduracy or wantonness, not inadvertence or good faith error, characterizes deliberate indifference." *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992).

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271, 279 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994); *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)).

It is clearly established that double-celling, even in maximum security prisons, does not in itself constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 339, 349-50, 101 S. Ct. 2392, 69 L. Ed.2d 59 (1981). Plaintiff argues that because he is an elderly and handicapped man, double-celling him with a predatory homosexual reveals deliberate indifference.

Plaintiff specifically alleges that Defendant Jane Doe (RUO Mary) ordered the homosexual predator Emic to move to Plaintiff's cell despite his plea to her that he had already exchanged "bad words" with Emic and despite the fact that Plaintiff viewed him as a homosexual predator and knowing that Emic would constantly accompany Plaintiff because he is elderly and handicapped. (Dkt. 1, Affidavit at 8; *Id.* ¶ 19, 21.) According to the complaint, Defendant Doe responded that Emic "LIKES YOUNGER MEN" implying that since Plaintiff is elderly, he had nothing to fear.

8

(Dkt. ¶ 19.) As to Defendant Andison, Plaintiff avers that he refused to move Emic out of his cell after Plaintiff's protests and instead merely responded that Plaintiff was prejudiced against homosexuals. (Dkt. 1, Affidavit ¶ 6.)

I suggest that Plaintiff has, at this point, sufficiently stated a claim to survive the screening process. *See, Redman v. County of San Diego*, 942 F.3d 1435, 1445 (9th Cir. 1991)(en banc)(denying summary judgment because deliberate indifference sufficiently shown where officials continued to house aggressive homosexual with "young and tender" plaintiff despite having been warned by plaintiff's girlfriend's mother that he had been raped the previous night but where plaintiff denied any assault because of fear of retaliation against him if he told the truth).

**3.     First Amendment Retaliation - Defendants Andison and Nagera**

A First Amendment retaliation claim consists of three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999)(en banc); *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004).

Plaintiff has alleged that when he approached Defendant Andison complaining that a homosexual predator (Emic) had been placed in his cell and of his intention to file a federal law suit, Defendant Andison stated "the federal court's have no business telling the State of Michigan how to run its prisons." (Dkt. 1, Affidavit ¶ 6.) Plaintiff further alleges that when he complained to Defendant Nagera, Defendant Nagera also accused Plaintiff of being prejudiced against homosexuals and did nothing to help. (*Id.* at ¶ 6.) Plaintiff also avers that three days after he told Defendant Nagera he was planning on filing a lawsuit and potentially attaching Defendant

Nagera's real property to satisfy any judgment, Defendant Nagera filed a major misconduct for insolence against him. (Dkt. 1, ¶ 39.) The major misconduct filed by Defendant Nagera was for insolence and was substantively based on Plaintiff's threat to sue and place a lien on Defendant Nagera's house. (*Id,*. Ex. J.)

I suggest that Plaintiff has alleged facts against these two defendants that sufficiently state a claim for retaliation to avoid being *sua sponte* dismissed. Plaintiff's statement revealing an intent to file a lawsuit, regardless of potential appropriate remedies, could be considered protected conduct. *Reynolds v. Green*, 184 F.3d 589 (6th Cir. 1999)(threat to report officer to superiors was protected conduct). Furthermore, the filing of a major misconduct could deter a person of ordinary firmness from engaging in that protected conduct. *Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir. 2002); *King v. Zamiara*, 150 Fed. Appx. 485, 493-94, 2005 WL 2496478 (6th Cir. Oct. 7, 2005). Finally, Plaintiff has alleged that the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X, supra.*

### E. Conclusion

For all the reasons stated above, I recommend that the case be dismissed in its entirety against Defendants Bell, Pass, Bourne, and Dulworth, and that the case be allowed to proceed against Defendants Andison, Nagera, and Jane Doe (RUO Mary).

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596

(6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
| Dated: January 28, 2008 | s/ Charles E Binder<br>CHARLES E. BINDER<br>United States Magistrate Judge |

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served on Frederick Fisher by first class mail, and served on U.S. District Judge Steeh in the traditional manner.

Date: January 28, 2008         By     s/Patricia T. Morris
                                             Law Clerk to Magistrate Judge Binder

11