UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK FISHER #143746,

    Plaintiff,

vs.

Case No. 08-CV-10046
HON. GEORGE CARAM STEEH

THOMAS BELL, MARY JO PASS,
PEGGY BOURNE, DONALD ANDISON,
HUMBERTO F. NAGERA, DAVID DULWORTH,
and JANE DOE,

    Defendants.

_____/

## ORDER ACCEPTING REPORT & RECOMMENDATION

This prisoner civil rights lawsuit arises out of plaintiff Frederick Fisher's allegations that he was housed with homosexual predators in violation of his Eighth Amendment rights. Fisher appears pro se and claims that he is a handicapped 69-year old. This is Fisher's fifth prisoner civil rights lawsuit filed in this Court. He alleges that due to overcrowding in Michigan prisons, the MDOC has begun double-celling elderly and/or disabled prisoners, like himself, with other prisoners to act as their assistants. Plaintiff claims that his cell-mates, first Emic, and later Redmond, were homosexual predators and that despite his complaints to prison officials, Emic and Redmond were not removed from his cell. Plaintiff argues that because he is an elderly and handicapped man, double-celling him with predatory homosexuals reveals deliberate indifference. Plaintiff claims that Emic harmed him by planting a razor under his mattress, which when discovered, led to his segregation in the "hole" for eleven days. Later, plaintiff was exonerated as prison officials determined

that Emic likely planted the razor to harm plaintiff.

Plaintiff filed an application to proceed without prepayment of fees pursuant to the in forma pauperis statute. IFP status was granted and the Marshals served process on the defendants. The case was referred to Magistrate Judge Binder for pretrial proceedings. He screened the case pursuant to 28 U.S.C. § 1915(a) and has recommended that this Court sua sponte dismiss as frivolous claims against defendants Bell, Pass, Bourne and Dulworth, but that plaintiff's claims against defendants Andison, Nagera and Jane Doe (RUO Mary) be allowed to proceed. This Court has reviewed the Report and Recommendation, the objections of defendant Andison, and the objections of plaintiff. Defendants Nagera and Jane Doe (RUO Mary) have not filed objections to the Report and Recommendation. For the reasons set forth below, this Court accepts the Report and Recommendation of Magistrate Judge Binder.

In his Report and Recommendation, Magistrate Judge Binder recommends that defendants Bell, Pass, Bourne and Dulworth be dismissed as plaintiff has failed to allege any specific conduct on the part of these defendants and no liability exists under 42 U.S.C. § 1983 under the theory of respondeat superior. Magistrate Judge Binder recommended, however, that plaintiff's claims against Andison, Nagera and Jane Doe (RUO Mary) be allowed to go forward as plaintiff has alleged their personal involvement in the alleged Constitutional violations. Specifically, he alleges that defendant Doe ordered an alleged homosexual predator Emic to move into his cell despite plaintiff's protests. Similarly, plaintiff alleges that defendant Andison refused to move Emic out of his cell despite his protests. Magistrate Judge Binder erroneously cites to plaintiff's Affidavit ¶ 6 for this proposition, but defendant Andison correctly points out that it is really ¶ 5 of the Affidavit.

2

Magistrate Judge Binder also erred in attributing to Andison the statement that plaintiff was prejudiced against homosexuals as plaintiff attributes that comment to Nagera. This mistake, however, does not alter this Court's decision to accept the Report and Recommendation. According to the affidavit, Andison refused to move prisoners Emic and Redmond out of his cell. Plaintiff alleges that Andison is the resident unit manager with full responsibility for deciding where handicapped and elderly prisoners are housed. Defendant Andison argues that plaintiff's allegations against him are not set forth in the body of the Complaint but are part of the affidavit attached to the Complaint. Considering plaintiff's pro se status, this Court considers the affidavit attached to the Complaint as part of the Complaint. Given the allegations set forth in the affidavit, Andison is not entitled to summary dismissal at this juncture where the complaint is being screened to eliminate frivolous claims.

Plaintiff objects to the Report and Recommendation to the extent that it recommends dismissal of some of the defendants. In making this argument, plaintiff seeks to rely on his writings to all of the named defendants on December 3, 2007 wherein he complained about having Emic in his cell with him. Although plaintiff is correct that he complained about being housed with Emic in writings sent to all of the defendants, Magistrate Judge Binder correctly concluded that plaintiff had failed to allege any specific misconduct on the part of defendants Bell, Pass, Bourne and Dulworth. Plaintiff has failed to allege that any of these defendants made a policy choice or "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Petty v. County of Franklin, Ohio, 478 F.3d 341, 349 (6th Cir. 2007).

For the reasons stated above,

IT IS ORDERED that Magistrate Judge Binder's Report and Recommendation (docket entry #10) hereby is ACCEPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that defendants Bell, Pass, Bourne, and Dulworth hereby are DISMISSED.

IT IS FURTHER ORDERED that this case be allowed to proceed against defendants Andison, Nagera, and Jane Doe (RUO Mary).

SO ORDERED.

Dated: April 29, 2008

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 29, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk